T.C. Summary Opinion 2007-153


UNITED STATES TAX COURT


SEAN MICHAEL BEARS AND GRETA BEARS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11980-06S.          Filed September 5, 2007.


Sean Michael Bears and Greta Bears, pro sese.

Micheal J. Proto, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,465 deficiency in petitioners' 2004 Federal income tax.  The issues for decision are whether petitioners are entitled to a:  (1) Dependency exemption deduction; and (2) $1,000 child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, Sean Michael Bears (petitioner) resided in Pawtucket, Rhode Island, and Greta Bears resided in Methuen, Massachusetts.

Petitioner fathered a child with Kristen Mutter Rodenbaugh (child's mother).  A Judgment of Support was rendered by the Probate Family Court Department of the Commonwealth of Massachusetts.  Petitioner was ordered to pay $156 per week as child support.  He was also required to secure and maintain health care coverage for his child.  And if he was current on his obligations, "he may take the child as his dependent for state and federal income tax purposes."

Petitioners filed a joint Federal income tax return for 2004. On the return, petitioners claimed a dependency exemption deduction and a $1,000 child tax credit. Petitioners did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent to their return. At the time they filed their return, petitioners were unaware that they were required to attach Form 8332 or its equivalent to the return.

Respondent issued a notice of deficiency to petitioners. Respondent denied petitioners' dependency exemption deduction and the $1,000 child tax credit since petitioners did not attach a Form 8332 or its equivalent to the return. The denials resulted in a $1,465 deficiency. Respondent does not dispute that petitioner has satisfied the conditions of the Judgment of Support.

## Discussion

Respondent urges us to sustain the disallowance of petitioners' dependency exemption deduction and the $1,000 child tax credit because petitioners did not attach Form 8332 or its equivalent to their 2004 joint Federal income tax return as required by section 152(e)(2) and section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The Commissioner's determinations in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant, however, to section 7491(a)(1), the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue".  In this case, there is no dispute as to any factual issue.  Accordingly, the case is decided by the application of law to the undisputed facts, and section 7491(a) is inapplicable.

1. Dependency Exemption Deduction

Section 151(c), in pertinent part, allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152, and who is the taxpayer's child and satisfies certain age requirements.

Section 152(a) defines "dependent", in pertinent part, to include a "son or daughter of the taxpayer" over half of whose support is received from the taxpayer for the calendar year in which the taxable year of the taxpayer begins, or is treated under section 152(c) or (e) as received from the taxpayer.

Section 152(e)(1)[1] provides a general rule that limits the dependency exemption deduction as follows:  If the child received over half of his support during the calendar year from his parents who lived apart at all times during the last 6 months of the calendar year and is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).[2]

But section 152(e)(2) provides an exception to the general rule of section 152(e)(1):  "If * * * the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe)" that he will not claim the child as a dependent and the noncustodial parent attaches the written declaration to his return for the taxable year, then the noncustodial parent is entitled to the dependency exemption

---

[1]Sec. 152(e)(1) applies to both married parents and parents who have never been married to each other.  King v. Commissioner, 121 T.C. 245, 251 (2003).

[2]In the present case, the exceptions in sec. 152(e)(3) and (4) do not apply.  There was no multiple support agreement as defined in sec. 152(c) and, since the Judgment of Support was entered in 2001, there is no pre-1985 instrument.  Thus, petitioner is entitled to the dependency exemption only if the requirements of sec. 152(e)(2) are met.

deduction.  For purposes of section 152(e)(2), the term

"noncustodial parent" means the parent who is not the custodial

parent.  Sec. 152(e)(2).  The temporary regulation states that a

noncustodial parent may claim the exemption for a dependent child

"only if the noncustodial parent attaches to his/her income tax

return for the year of the exemption a written declaration from

the custodial parent stating that he/she will not claim the child

as a dependent".  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax

Regs., supra.

The written declaration may be made on a form provided by

the Service or a document that conforms to its substance.  Miller

v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing sec. 1.152-

4T(a), Q&A-3, Temporary Income Tax Regs., supra); see also Neal

v. Commissioner, T.C. Memo. 1999-97.  The written declaration is

embodied in Form 8332, and it incorporates the requirements of

section 152(e)(2).  Miller v. Commissioner, supra at 190.[3]

In Miller v. Commissioner, supra, the Court stated that in

order for the noncustodial parent to claim the dependency

---

[3]Form 8332 requires a taxpayer to furnish:  (1) The names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent, (4) the custodial parent's Social Security number, (5) the date of the custodial parent's signature, and (6) the noncustodial parent's name and Social Security number. Miller v. Commissioner, 114 T.C. 184, 190 (2000).

exemption, section 152(e)(2) clearly required the custodial parent's release of the dependency exemption by signing a written declaration to that effect.  Id. at 195.  Simply attaching to the return of the noncustodial parent a State court order that was not signed by the custodial parent did not satisfy the express statutory requirements of section 152(e)(2).  Id. at 198.  The mere fact that the State court granted the taxpayer the right to claim the dependency exemption was immaterial because a State court cannot determine issues of Federal tax law.  Id. (citing Kenfield v. United States, 783 F.2d 966, 969 (10th Cir.1986); White v. Commissioner, T.C. Memo. 1996-438 (citing with approval Commissioner v. Tower, 327 U.S. 280, 287-288 (1946)).

The parties agree that the child's mother is the "custodial parent" as defined in section 152(e)(1).  Because petitioners, the noncustodial parents, did not attach Form 8332 or its equivalent to their return, they are not entitled to a dependency exemption deduction.  Accordingly, we sustain respondent's disallowance of the dependency exemption deduction.

## 2. Child Tax Credit

Section 24(a) provides a credit against income tax for each "qualified child" of a taxpayer who is under 17 years of age. The statutory definition of a "qualified child" is one for whom a

taxpayer may claim a deduction under section 151. Sec. 24(c)(1)(A). Thus, a taxpayer is ineligible for the child tax credit under section 24(a) unless the taxpayer is eligible for the dependency exemption under section 151. Having determined that petitioners are not entitled to the dependency exemption deduction, it follows that they are not entitled to the child tax credit. Accordingly, we sustain respondent's disallowance of the child tax credit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent.</u>